LONDON v. G. A. KELLY PLOW CO.

(Court of Civil Appeals of Texas. Texarkana. March 20, 1913. Rehearing Denied March 27, 1913.)

MASTER AND SERVANT (§ 30*)—CONTRACT OF EMPLOYMENT—BREACH — DEFENSES — MISCONDUCT OF SERVANT.

In an action for breach of a sales manager's contract of employment, proof of acts showing want of uprightness and personal integrity, rendering him unfit to perform the duties of his employment, constituted a complete defense.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. § 30.*]

Appeal from District Court, Gregg County; W. C. Buford, Judge.

Action by R. W. London against the G. A. Kelly Plow Company. Judgment for defendant, and plaintiff appeals. Affirmed.

On July 1, 1907, appellant entered into a written contract with appellee to serve the company in the capacity of sales manager for five years at a salary of $333.33 per month. On April 4, 1908, he was discharged from the service of the company. On April 15, 1908, appellant contracted service with another implement company as salesman for five years at a salary of $200 per month. Claiming that his discharge was wrongful and in breach of his contract, appellant sued for the difference between what he would have earned in the five years' service under the contract with appellee and what he did earn under his subsequent contract. The appellee answered that the appellant was appointed as an agent to fill a position of trust and confidence and of much importance to the company, requiring implicit confidence in the honesty and integrity, besides a reliance upon the competency of the said agent, and that the appellant had disclosed such want of that uprightness and personal integrity required in the position he was employed to fill as to render him unfit to continue the relations sustained by the employment, and warranting the discharge. The pleadings are the same, and the evidence in substantial detail is the same, as on the former appeal. See Kelly Plow Co. v. R. W. London, 125 S. W. 974. As a full statement of both the pleadings and evidence is made on that appeal, the same is here referred to and adopted for all purposes of the present appeal. The instant case was tried to a jury, and the verdict was in favor of appellee. The verdict of the jury involves the findings of fact that the several acts on appellant's part of deception, misrepresentation, and fraud charged in the appellee's answer were true and evidenced such a want of that degree of uprightness and integrity of character as to be inconsistent with the position concerned in the employment, and were sufficient existing grounds to warrant the appellant's discharge. The verdict and findings, being supported by the evidence, are here adopted.

Gilbert & Upthegrove, of Dallas, and Lacy & Bramlette, of Longview, for appellant. Young & Stinchcomb and McCord & Campbell, all of Longview, for appellee.

LEVY, J. (after stating the facts as above). The assignments of error are chiefly directed to overruling special exceptions to appellant's answer and supplemental answer and to the charge of the court and the refusal to give certain special charges. The assignments directed to overruling the special exceptions, with the exception of the sixth assignment, were presented by way of cross-assignment on the former appeal, and were decided adversely to appellant's contention. If the exception set out in the sixth assignment should have been sustained, the error, if any, must be here held to have been without injury, for there was no evidence offered in reference thereto, and the court did not submit the ground plead as a defense.

As the charge of the court affirmatively and understandingly submitted to the decision of the jury all proper issues made by the pleadings and evidence, we are of the opinion that the propositions under all the assignments relating to instructions to the jury should be overruled as affording no ground requiring a reversal of the judgment. It is believed that the principles of law applicable to the case were properly announced in the former appeal of this case, and we adhere to that ruling as decisive of the present appeal; and, as a consequence, it is unnecessary to further discuss the legal questions made.

As the facts support the verdict and there is no error presented working injury to the rights of appellant, the judgment is affirmed. Rule 62a (149 S. W. x).